J-S26044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHAZ PAGE | |
| Appellant | No. 1443 MDA 2014 |

Appeal from the PCRA Order July 14, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0001047-2012
CP-22-CR-0001623-2012

BEFORE: OTT, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:           **FILED APRIL 24, 2015**

Chaz Page appeals from an order dismissing his petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. We affirm.

The charges against Page stem from two incidents. In 1623 CR 2012, on January 29, 2012, Page shot Rikita Easter several times with a handgun, requiring her to be hospitalized. Page was 17 years old at the time of the incident and had a prior criminal history which prohibited him from legally possessing firearms. In 1047 CR 2012, on July 26, 2011, officers searched Page's mother's house and discovered several guns and drug paraphernalia. Page was under 18 at the time and had a prior criminal history which prohibited him from possessing firearms.

On June 18, 2013, Page pled guilty at 1263 CR 2012 to attempted homicide, persons not to possess firearms and possession of a firearm by a minor.[1] At 1047 CR 2012, he pled guilty to persons not to possess firearms, possession of a firearm with altered manufacturer's number, possession of a firearm by a minor, and unlawful possession of drug paraphernalia.[2] On August 26, 2013, the court sentenced Page to an aggregate term of 10-20 years' imprisonment at 1263 CR 2012 and a concurrent term of 2-4 years' imprisonment at 1047 CR 2012.

Page did not file a direct appeal, opting instead to file a timely PCRA petition on April 23, 2014. The court appointed PCRA counsel, who filed a motion to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa.1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super.1988). On June 16, 2014, the court granted counsel's petition and issued a Pa.R.Crim.P. 907 notice of intent to dismiss the PCRA petition without a hearing. On July 3, 2014, Page filed a *pro se* response to the Rule 907 notice. On July 14, 2014, the court dismissed Page's PCRA petition without a hearing. On August 8, 2014, Page filed a timely notice of appeal. Both Page and the PCRA court complied with Pa.R.A.P. 1925.

Page raises two issues in this appeal:

---

[1] 18 Pa.C.S. §§ 901, 6105, and 6110.1, respectively.

[2] 18 Pa.C.S. §§ 6105, 6110.2, 6110.1, and 35 P.S. § 780-113(a)(32), respectively.

Counsel was very ineffective for not filing motions that were relevant to [Page]'s case, a motion to dismiss the information and motion for bail reduction, under Rule 576(A)(4).

[Page] was coerced by counsel into pleading open, under the belief that he was receiving a 5 to 10 year sentence, which is what counsel led him to believe, [because] counsel did not have a defense strategy for trial. The ineffectiveness of counsel led [Page] to get more time than counsel led him to believe.

Brief for Appellant, p. 2.

Our standard and scope of review are well-settled:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

* * *

The **Turner/Finley** decisions provide the manner for postconviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if

the no-merit letter is filed before it, **see Turner, supra**, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit....

[T]his Court [has] imposed additional requirements on counsel that closely track the procedure for withdrawing on direct appeal.... [C]ounsel is required to contemporaneously serve upon his [or her] client his [or her] no-merit letter and application to withdraw along with a statement that if the court granted counsel's withdrawal request, the client may proceed *pro se* or with a privately retained attorney....

**Commonwealth v. Rykard**, 55 A.3d 1177, 1183–84 (Pa.Super.2012) (some citations and footnote omitted).

Our review of the record confirms that PCRA counsel substantially complied with the **Turner/Finley** procedural requirements to withdraw. Specifically, counsel filed a detailed 10-page motion explaining why she believed Page's claims lacked merit. She sent this motion to Page along with a letter informing him of his right to retain private counsel, proceed *pro se* or elect not to proceed further. Accordingly, we will proceed with our independent review of the questions presented to determine if counsel correctly concluded that the issues raised had no merit.

When a petitioner alleges ineffective assistance of counsel,

he must prove by a preponderance of the evidence that his conviction or sentence resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable

- 4 -

adjudication of guilt or innocence could have taken place. We have interpreted this provision in the PCRA to mean that the petitioner must show: (1) that his claim of counsel's ineffectiveness has merit; (2) that counsel had no reasonable strategic basis for his action or inaction; and (3) that the error of counsel prejudiced the petitioner - *i.e.*, that there is a reasonable probability that, but for the error of counsel, the outcome of the proceeding would have been different. We presume that counsel is effective, and it is the burden of Appellant to show otherwise.

*Commonwealth v. DuPont*, 860 A.2d 525, 531 (Pa.Super.2004), *appeal denied*, 889 A.2d 87 (Pa.2005), *cert. denied*, 547 U.S. 1129, 126 S.Ct 2029, 164 L.Ed.2d 782 (2006) (internal citations and quotations omitted). The petitioner bears the burden of proving all three prongs of this test. *Commonwealth v. Meadows*, 787 A.2d 312, 319-320 (Pa.2001). "If an appellant fails to prove by a preponderance of the evidence any of the[se] prongs, the Court need not address the remaining prongs of the test." *Commonwealth v. Fitzgerald*, 979 A.2d 908, 911 (Pa.Super.2009), *appeal denied*, 990 A.2d 727 (2010) (citation omitted).

In his first argument, Page contends that counsel was ineffective for failing to file pretrial motions to dismiss the information and to reduce bail. Page has waived this claim for several reasons. First, he failed to raise this argument in his Pa.R.A.P. 1925(b) statement. *Commonwealth v. Matteson*, 82 A.3d 386, 393 (Pa.2014) (capital murder defendant waived on direct appeal challenges to sufficiency of evidence to support his burglary and robbery convictions, where he failed to include these challenges in his

statement of matters complained of on appeal). Second, Page failed to develop any argument on this point in his appellate brief. ***Commonwealth v. Plante***, 914 A.2d 916, 924 (Pa.Super.2006) ("we have repeatedly held that failure to develop an argument with citation to, and analysis of, relevant authority waives the issue on review"). Third, as the PCRA court correctly observed, Page's guilty plea operates as a waiver of all possible pretrial defenses, such as a challenge to bail or the content of his criminal information. ***Commonwealth v. Eisenberg***, 98 A.3d 1268, 1275 (Pa.2014) ("upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed").

In his second issue on appeal, Page claims that that trial counsel's ineffectiveness caused him to enter an involuntary guilty plea. "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." ***Commonwealth v. Hickman***, 799 A.2d 136, 141 (Pa.Super.2002) (citing ***Commonwealth v. Allen***, 557 Pa. 135, 732 A.2d 582 (1999)). Whether a plea is voluntary "depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." ***Commonwealth v. Lynch***, 820 A.2d 728, 733 (Pa.Super.2003), *appeal denied*, 835 A.2d 709 (Pa.2003) (quoting

*Hickman*, 799 A.2d at 141). "[T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made." *Commonwealth v. Willis*, 68 A.3d 997, 1001 (Pa.Super.2013) (quoting *Commonwealth v. Anderson*, 995 A.2d 1184, 1192 (Pa.Super.2010) (alterations in original)). A guilty plea colloquy must "affirmatively demonstrate the defendant understood what the plea connoted and its consequences." *Id.* at 1002 (quoting *Commonwealth v. Lewis*, 708 A.2d 497, 501 (Pa.Super.1998)). After a defendant enters a guilty plea, "it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." *Id.* (quoting *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa.Super.2008)).

Based on our review of the record, we agree with the PCRA court that Page's claim lacks arguable merit. The PCRA court reasoned:

> The Commonwealth reviewed the guilty plea colloquy with [Page]. [N.T., Sentencing 6/18/13,] p. 3. Further, the plea was an open plea, and the Commonwealth confirmed with both [Page] and [his] counsel that the open plea was agreed upon. N.T., p. 2. The Commonwealth confirmed that [Page] understood the maximum sentences and asked if he had any question, to which [he] responded "no". N.T., p. 5. The Commonwealth asked several times if [Page] had any questions and also asked if [he] was forced to sign the plea; again, [Page] responded "no". N.T., p. 6. The Commonwealth explained that since it was an open plea, [Page] could face the maximum sentence in jail and the maximum fines. N.T., p. 5. [Page] indicated that he understood this. N.T., p. 5.

The Commonwealth reviewed all the charges with [Page] and specifically the criminal attempt[ed] murder charge, and [Page] pled guilty to that charge. N.T., p. 9. The Honorable Judge Lewis handled the guilty plea and addressed [Page] to confirm that he understood all of the questions asked by the Commonwealth. N.T., p. 12. Judge Lewis then confirmed that [Page] understood what an open plea was and asked if he had any questions for the Court, his attorney or the Commonwealth. N.T., p. 13. [Page] indicated he had no questions. The Court then asked: "Are you pleading guilty knowingly, voluntarily of your own free choice?" [Page] responded "yes". N.T., p. 13.

It is apparent from the record that a thorough colloquy was done and [Page] was given multiple opportunities to raise his concerns. He specifically pled guilty to the criminal attempt[ed] murder charge which was explained to him thoroughly by the Commonwealth. He indicated he understood the possible sentence he faced and failed to indicate at the guilty plea that this was not what he had discussed with his attorney, despite multiple opportunities to do so.

Trial Court Memorandum Opinion, pp. 5-6. We fully agree with the trial court's analysis.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/2015